IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. JEMISON, : | |
| AIS # 115044 : | |
| : | |
|     Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION 11-00325-WS-B |
| : | |
| WARDEN WHITE, *et al.*, : | |
| : | |
|     Defendants. : | |

**REPORT AND RECOMMENDATION**

This action, which was filed by an Alabama inmate proceeding *pro se*, was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

Plaintiff David L. Jemison initiated the instant § 1983 action by filing a Complaint on June 19, 2011, along with a Motion to Proceed Without Prepayment of Fees.[1] (Docs. 1, 2).

---

[1] Although the Court did not receive Jemison's Complaint (Doc. 1) until June 21, 2011, the date Jemison signed the Complaint, and delivered it to prison officials for mailing is deemed the date of filing. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing constitutes filing); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (applying Houston to a prisoner's filing of a § 1983 action).

(Continued)

1

Plaintiff's Motion did not include an institutional record of Plaintiff's prison account as required by 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff was directed by Order dated June 30, 2011, to re-file his Motion with a record of his prison account. (Doc. 3). On July 21, 2011, Plaintiff filed another Motion to Proceed Without Prepayment of Fees. This motion included the appropriate documentation. (Doc. 6).

Upon careful review of Plaintiff's Complaint and the Court files, the undersigned finds that Plaintiff is a "three striker" and was required to pay the $350.00 filing fee at the time he filed his Complaint. Because he failed to do so, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

2

>       unless the prisoner is under imminent danger
>       of serious physical injury.

28 U.S.C. § 1915(g).

Thus, under § 1915(g), "if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*." Doss v. Henry, 2008 WL 5231863, *1 (N.D. Fla. Dec. 12, 2008) (unpublished). "The only exception to this is if the prisoner alleges he is 'under imminent danger of serious physical injury.'" Id. (citing 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

A review of records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama reveals that Plaintiff has had at least four actions previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. See Jemison v. Nagle, et al., CA 96-cv-01706-WHA-SRW (M.D. Ala. Dec. 17, 1996); Jemison v. Allen, CA 95-cv-01656-SCP-TMP (N.D. Ala. August 31, 1995); Jemison v. Sexton, et al., CA 97-cv-00088-ELN-TMP (N.D. Ala. June 6, 1997); Jemison v. Fulgham, et al., CA 97-cv-00518-SCP-TMP (N.D. Ala. Aug. 29, 1997). Thus, Plaintiff has three or more

dismissals that qualify the present complaint for treatment under § 1915(g).[2]

Because Plaintiff has had three or more actions previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted, it is incumbent on him, in order to avoid 28 U.S.C. § 1915(g)'s application, to show that at the time he filed the instant action, he was "under imminent danger of serious physical injury."  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  In determining whether a plaintiff was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

The undersigned has carefully reviewed Plaintiff's Complaint (Doc. 1), and concludes that Plaintiff has failed to satisfy the "imminent danger" requirement.  In his Complaint,

---

[2] The Court notes that Jemison also has three other § 1983 actions currently pending before this Court. See Jemison v. White, CA-cv-11-00323-WS-C (filed S.D. Ala. June 17, 2011); Jemison v. White, CA-cv-11-00378-CG-C (filed S.D. Ala. June 6, 2011); Jemison v. Slater, CA-cv-11-00286-KD-M (filed S.D. Ala. June 2, 2011).

Plaintiff alleges that he was provided an inadequate diet tray while he was in lock-up; that various officials at Fountain Correctional Facility were negligent as to his diabetic condition by failing to ensure that he received diabetic trays with non-greasy and starchy foods at all times; and that he has been held in lock-up/segregation "after his time was up" and "when he has not been found guilty of the charges." (Doc. 1 at 4).

Plaintiff's complaints about being held in lock-up for longer than required clearly do not meet the "imminent danger" requirement, as he has not alleged any possible physical injury in connection with those claims. Additionally, Plaintiff has not met the imminent injury requirement in regards to his diabetic food needs. Plaintiff has not alleged that his receipt of an incorrect food tray has caused him any physical harm. While he lists "mental anguish" and "stress" as two of his claims, and requests punitive damages, he does not allege any past or on-going physical harm. (Doc. 1 at 4, 8). Nor has he provided the Court with details about his condition, or the possible harm he faces if such deprivations continue. "The mere fact that plaintiff has complained of medical issues does not 'presume imminent danger.'" Ball v. Allen, 2007 U.S. Dist. LEXIS 9706, *2

5

(S.D. Ala. Feb. 8, 2007)(citing Skillern v. Paul, 202 Fed. Appx. 343, 2006 U.S. App. LEXIS 24841, 2006 WL 2826609, *1 (11th Cir. 2006)). Petitioner must provide the court with specific facts indicating that a serious injury will result if his claims are not addressed. See Skillern, 202 Fed. Appx. at 344 (finding where appellant merely alleged that he was not receiving his heart medication, without a description of his condition, and never alleged that he suffered any physical injury, the "imminent danger" exception was not met); Cf. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)(finding the imminent danger requirement met where prisoner alleged that a total withdrawal of treatment for HIV and Hepatitis, would cause severe complications, and increased susceptibility to various illnesses, and a rapid deterioration of his condition). See also, Johnson v. Warden, 2006 U.S. Dist. LEXIS 56330, 2006 WL 2348509, *2 (S.D. Ga. Aug. 11, 2006)(claims which included allegation that officials at Men's State Prison had not properly taken care of his needs regarding his diabetes did not satisfy imminent danger exception).

   Furthermore, it is not clear from Plaintiff's Complaint whether he was receiving inadequate food trays at the time he filed this action, or whether he is continuing to receive

6

inadequate meal trays. As best the court can decipher, Plaintiff alleges that he has received either an incorrect or inadequate meal tray multiple times. However, on the complaint form, Plaintiff indicates that this action occurred on May 20, 2011. He does not allege that he is currently in danger or that he expects the deprivation to continue causing him future danger. (Doc. 1). The law is clear that past harm does not satisfy § 1915(g)'s exception that a plaintiff be "under imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient"); see also Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) cert. denied, 533 U.S. 953 (2001)("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Thus, in order to satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent

7

serious physical injury[.]" Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.). Plaintiff has not done so.

Because Plaintiff has failed to specifically allege "imminent danger" likely resulting in a serious injury, he cannot avoid the bar of § 1915(g) and is not entitled to proceed *in forma pauperis* in this action. 28 U.S.C. § 1915(g). See Brown v. Johnson, 387 F.3d at 1349 (the "Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, . . . under section 1915(g). . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

As noted above, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 WL 5231863, *2 (N.D. Fla. Dec. 12, 2008). See also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner

8

cannot simply pay the filing fee after being denied in forma pauperis status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Plaintiff's Motions to Proceed Without Prepayment of Fees (Docs. 3, 4) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this the **1st** day of **September, 2011.**

                                            _/s/ SONJA F. BIVINS_____
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

10

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **1st** day of **September, 2011.**

_____S/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**